FILED

OCT 1 0 2018

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Phillip Eric Duckett,                    )
                                         )
        Plaintiff,                       )
                                         )
        v.                               )        Civil Action No. 18-2185 (UNA)
                                         )
The United States of America,            )
                                         )
        Defendants.                      )
                                         )

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis*

("IFP") and his *pro se* complaint captioned "Pursuant to General Federal Question Jurisdiction

Pursuant to 28 United States Code § 1331, and 28 United States Code § 2201: for Declaratory

Judgment Relief." The Court will grant the IFP application and dismiss the complaint for lack of

subject matter jurisdiction.

"Federal courts are courts of limited jurisdiction. They possess only that power

authorized by Constitution and statute," and it is "presumed that a cause lies outside this limited

jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations

omitted). A party seeking relief in the district court must at least plead facts that bring the suit

within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants

dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff is incarcerated at the Federal Correctional Institution in Butner, North Carolina.

He purports to present claims under the Constitution's due process and equal protection clauses,

alleging that those protections "extend[ ] to Federal Rules of Criminal Procedure, Rule 32 and

1

Rule 35(a)." Compl. at 1. Plaintiff seeks a declaratory judgment but also claims that "the controversy" involves $20,000 "at this time." *Id.* at 2.

Plaintiff poses three questions with regard to Rules 32 and 35(a) of the Federal Rules of Criminal Procedure. He asks (1) which version of Rule 35(a), the repealed or the replaced, should apply to him; (2) whether "the Court is required to impose a clear and unambiguous legal sentence pursuant to" Rule 32 "to prevent manifest injustice"; and (3) whether he "is still allowed to pursue any claim while the case is almost 50 years old, and plaintiff, is still incarcerated . . . in a federal prison . . . and while the issue is old[.]" Compl. at 2. The Declaratory Judgment Act provides in relevant part:

> *In a case of actual controversy within its jurisdiction* . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201(a) (emphasis added). The Declaratory Judgment Act "is not a jurisdiction-conferring statute." *Yee v. Jewell*, 228 F. Supp. 3d 48, 53 (D.D.C. 2017). Thus, in order to consider a request under the Act, the Court must derive its jurisdiction over the subject matter from some other source. *See Cruz v. House of Representatives of U.S.A.*, 301 F. Supp. 3d 75, 77 (D.D.C. 2018) (noting that "requesting relief under the Declaratory Judgment Act does not relieve [plaintiff] of the burden of establishing subject matter jurisdiction, due to the 'well-established rule that the Declaratory Judgment Act is not an independent source of federal jurisdiction[; indeed], the availability of [declaratory] relief presupposes the existence of a judicially remediable right.'") (quoting *Ali v. Rumsfeld*, 649 F.3d 762, 778 (D.C. Cir. 2011) (alterations in original)).

Plaintiff's claims arising under Criminal Rules 32 and 35 must, by the terms of those rules, be pursued in the sentencing court, not this civil court. Addressing plaintiff's questions in the absence of jurisdiction would violate "'the oldest and most consistent thread in the federal law of justiciability . . . that the federal courts will not give advisory opinions.'" *Pub. Serv. Elec. & Gas Co. v. F.E.R.C.*, 783 F.3d 1270, 1274 (D.C. Cir. 2015) (quoting *Flast v. Cohen*, 392 U.S. 83, 96 (1968) (other citation omitted)). Consequently, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

United States District Judge

DATE: October ___9___, 2018